IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
03 JAN 15 AM 10: 04
U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES NELSON

    Plaintiff,

v.      CV 01-PT-2920-M

MONUMENTAL LIFE INSURANCE CO.,

    Defendant.

ENTERED
JAN 15 2003

## SUPPLEMENTAL MEMORANDUM OPINION

This opinion supplements a Memorandum Opinion filed on November 6, 2002.

In a recorded telephone conference held on December 10, 2002, the court asked the following question of the plaintiff:

> Court: You know, if we look only at the policy and the terms of the policy, leave out any other ramifications that would throw into the mix, if we look directly to terms of the policy, would the defendant's position be correct that your client is not due any money?

The plaintiff answers as follows:

> Harmon: This is Tom Harmon. But it would be our position that I think that would be directed if we relied directly, strictly on the policy.

The court followed up:

> Court: In other words, if we go strictly by the terms of the policy as opposed to other arguments that you made bonafidely. Maybe that is what they were furnished and not furnished and so forth that if you go directly by the terms of the policy, the position of the defendant is correct. Is that correct?

The plaintiff answered:

> Mr. Harmon: Yes. I think we would concede that.

23

Mr. Long: This is Harry Long. We would concede that.

The real dispute in this case is whether the plaintiff was provided a copy of the "certificate" which the plaintiff acknowledges contains the provisions relied upon by the defendant or whether the plaintiff was only provided with a copy of the "schedule of benefits" which does not contain those provisions.[1] At the said conference there was also the following discussion:

> Court: All right. So now we're down to two possible documents, right, the certificate, and the schedule?
>
> Mr. Whitehead: Yes.
>
> Court: All right. Now, as I understand it, the plaintiff has acknowledged is acknowledging that he received a copy of the schedule but denies that he was, received a copy of the certificate, is that correct?
>
> Mr. Harmon: That's correct, Judge.

The court notes that the defendant refers to a delivery of the certificate to plaintiff's "employer." It appears to the court that Welborn may not have been an "employer," but a "contractor." The court further notes, however, that Section 27-20-2 of the Alabama Code refers to delivery to the "policyholder" for further delivery to the "member of the insured group." At the conference, the following was stated:

> Court: Well, now, let me ask this question. If the law is that the insurer fulfilled its obligation by delivering this to the employer, if the law is that that

---

[1] In the said recorded conference, there were following questions and answers:

> Court: For the purposes of argument, not seminar, but this case would everybody agree that it is appropriate to just for whatever is significance, it has one way or the other to look just what we're now calling a certificate as opposed to looking at perhaps some master policy?
>
> Mr. Whitehead: We would.
>
> Mr. Long: We agree to that, Judge, for the plaintiff.

2

fulfilled its obligation, where do we stand?

      Mr. Long:  Judge, I think we would have to concede that if the -- if that -- they've fulfilled their legal obligation, then they prevail, I guess.

As to the issue in dispute, the plaintiff relies primarily on *Brown Mach. Works & Supply Co., Inc. v. Ins. Co. of North America*, 659 So. 2d 51 (Ala. 1995). *Brown* is not significantly applicable for two reasons:  (1) It involves an exclusion, not applicable here and (2) it involves an individual policy rather than a group policy as the case here.

The defendant relies significantly on *Moses v. American Home Assurance Co.*, 376 So. 2d 656 (Ala. 1979), whose dicta suggests that delivery of the type certificate, alleged to have been delivered here, to the group policyholder is sufficient to comply with Alabama law regarding notice to the insured.

While it is clear that Alabama law provides that coverage under a policy cannot be enlarged by waiver or estoppel, it is not so clear what effect there may be on coverage if an insurer fails to deliver the policy or a certificate containing a summary of all the essential provisions of the policy to the insured.

The unresolved issues appear to be the following:

(1) Did the defendant deliver the "certificate" to the plaintiff's "employer" or some other appropriate entity on behalf of plaintiff as a "member?"[2]

(2) If there was a delivery as described in (1), would the plaintiff be deemed to have received the certificate and thus to be on notice of the pertinent terms of the policy?  It would

---

[2] By letter dated December 16, 2002, defendant argued that, during the telephone conference, plaintiff had conceded that defendant had delivered a copy of the certificate of insurance to plaintiff's employer. The court finds no such direct concession in the transcript.  The court's repeated admonitions to the parties to answer its questions directly forecloses any suggestion that the plaintiff implied a concession if he did not elaborate.

appear that plaintiff would be on such notice unless there is an unresolved issue as to whether Section 27-20-2 applies to the policy at issue.

(3) Does the policy at issue fall under one of the six categories described in Section 27-20-1?

(4) If there was not a delivery as described in (1) above, would Alabama law increase the coverage provisions of the policy by estoppel notwithstanding the general law of Alabama which precludes such increases?

Because of such possible unresolved issues, particularly the factual issue of the delivery as referenced in (1) above, the court will deny the motion for summary judgment. The parties will suggest by January 24, 2003, whether there are other issues, factual or legal, not addressed above. The parties will further suggest by January 24, 2003, whether these and perhaps other questions should be certified to the Supreme Court of Alabama. If so, which issues. The court assumes that the factual issue(s) should first be resolved at trial.

This the 15 day of January, 2003.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE